United States District Court
Southern District of Texas
**ENTERED**
April 02, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-16-0286 |
| | § | CIVIL ACTION NO. H-18-3895 |
| FREDI PINEDA-AVILES, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Response and Motion to Dismiss (Document No. 44) Defendant/§ 2255 Movant Fredi Pineda-Aviles' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Document No. 41), in which the Government argues that the § 2255 motion is time-barred. Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response and Motion to Dismiss, the record of the proceedings in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED and that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED and DISMISSED with prejudice as time barred.

### I.     Introduction and Procedural History

Movant Fredi Pineda-Aviles ("Pineda-Aviles"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Pineda-Aviles' first motion pursuant to § 2255.

On June 29, 2016, Pineda-Aviles was charged by Indictment with conspiracy with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (count one), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (count two). On September 2, 2016, Pineda-Aviles pled guilty to count one pursuant to a written Plea Agreement (Document Nos. 20 & 21). He was thereafter sentenced to one hundred and eight (108) months incarceration, to be followed by a three year term of supervised release (Document No. 33). A Judgment of Conviction was entered on March 24, 2017 (Document No. 37). An Amended Judgment was entered two weeks later, on April 5, 2017, to reflect Pineda-Aviles' correct USM number (Document No. 40).

Pineda-Aviles did not appeal. Instead, over a year later, on or about October 8, 2018, Pineda-Aviles filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 41).[1] The Government has filed a Response and Motion to Dismiss, arguing that Pineda-Aviles' § 2255 motion was not timely filed, and should be dismissed as time-barred. Pineda-Aviles has not, to this date, filed a Response to the Government's Motion to Dismiss on statute of limitations grounds. This § 2255 proceeding is ripe for ruling.

**II. Claims**

Pineda-Aviles alleges that his trial counsel was ineffective for :

1. failing to file an appeal;

---

[1] Pineda-Aviles' § 2255 Motion is signed and dated October 8, 2018. The envelope in which the § 2255 motion was sent to the Court bears a post-mark date of October 9, 2018. Giving Pineda-Aviles all the benefit of the doubt, his § 2255 motion will be construed, under the mailbox rule for prisoners' filings in federal court, *Houston v. Lack*, 487 U.S. 266 (1988), as having been filed on October 8, 2018, the date the motion was purportedly signed and dated.

    2.      incorrectly advising and assuring him that he would receive a lesser sentence and could seek a reduction of his sentence under FED. R. CRIM. P. 35(b); and

    3.      not fully and properly advising him about the waiver, in his Plea Agreement, of his right to appeal.

The Government seeks dismissal of these claims, and Pineda-Aviles' § 2255 motion, based on § 2255's one-year statute of limitations.

### III.   Discussion – Limitations

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Pineda-Aviles's conviction became final on April 19, 2017, fourteen (14) days after an Amended Judgment was entered,[2] when he did not file a Notice of Appeal. *See* FED. R. APP. P. 4(b)(1) (A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or

---

[2] An Amended Judgment was entered to "reflect the defendant's correct USM number," which was incorrect on the original Judgment. (sealed Document No. 39).

(ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted). Pineda-Aviles then had one year from April 19, 2017, until April 19, 2018, to file a timely § 2255 motion. Pineda-Aviles' § 2255 motion was not filed until October 8, 2018, over five months too late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Pineda-Aviles' § 2255 motion cannot be considered timely under § 2255(2) because Pineda-Aviles has not alleged that he was in any way impeded by Government action from filing a timely § 2255 motion. In addition, Pineda-Aviles' § 2255 motion cannot be considered timely under § 2255(3) because Pineda-Aviles has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Pineda-Aviles' § 2255 motion cannot be considered timely under § 2255(4) because Pineda-Aviles has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

In addition, there is no equitable basis in the record for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling.

*Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

Pineda-Aviles filed this proceeding over five months too late. In the § 2255 motion, Pineda-Aviles states that he did not file the § 2255 within the year deadline because his attorney failed to file an appeal. Pineda-Aviles does not state when he discovered, or otherwise learned, that counsel had not filed an appeal, and has made no showing that *he* was unable to file a timely § 2255 motion. Upon this record, particularly where Pineda-Aviles has not filed a response to the Government's Motion to Dismiss on limitations grounds, there is no basis for an application of equitable tolling.

## IV.   Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Fredi Pineda-Aviles' § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed and that nothing in the record supports the application of equitable tolling, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 44) be GRANTED and that Fredi Pineda-Aviles' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 41) b e DENIED and DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d

89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this \_\_2d\_\_ day of April, 2019.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE